CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
11/02/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

No. 3:18CV00106

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br> UNITED STATES FOREST SERVICE, and <br> OFFICE OF THE GENERAL COUNSEL <br> of the United States Department of Agriculture, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This Freedom of Information Act ("FOIA") suit challenges the unlawful and unreasonable delay by Defendants United States Department of Agriculture, United States Forest Service ("Forest Service"), and Office of the General Counsel in responding to four separate requests for public records.

2. Plaintiff Southern Environmental Law Center ("SELC"), a nonprofit public interest organization dedicated to protecting the environment of the Southeast, submitted each of the four requests for records in the Forest Service's custody between July 20, 2017, and July 5, 2018.

3. While the Forest Service has acknowledged receipt of these four requests, it has failed to provide the requested public records or otherwise provide a determination as required under FOIA.

4. The Forest Service has forwarded at least some of the requested records to the Office of the General Counsel for a "mandatory review," though no such review is required by publicly available law, regulation, or policy, and does not excuse failure to comply with FOIA's mandatory deadlines.

5. Defendants have violated FOIA by failing "promptly" to provide requested records and to make a determination within the time allotted under FOIA. 5 U.S.C. § 552(a)(3)(A), (a)(6)(A). SELC seeks a declaration that Defendants have violated FOIA and an order requiring Defendants to provide all nonexempt, responsive documents without further delay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552, 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

7. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is "deemed to have exhausted [its] administrative remedies" because Defendants have "fail[ed] to comply with the applicable time limit provisions."

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B). SELC is a 501(c)(3) nonprofit organization headquartered and residing in Charlottesville, Virginia, in the Western District of Virginia.

## PARTIES

### Plaintiffs

9. Plaintiff Southern Environmental Law Center, Inc. ("SELC") is a 501(c)(3), nonprofit public interest environmental law firm with a focus on six southeastern states.

10. SELC is a "person" for purposes of FOIA, 5 U.S.C. § 551(2).

11. SELC uses public advocacy and the law to protect the people and the natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment in the Southeast. SELC disseminates public information it gathers to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as press releases, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information. SELC has been actively engaged in protecting the environment of the Southeast at the federal, state, and local levels for three decades.

12. SELC submitted each of the four FOIA requests to promote transparency around matters of significant public interest.

13. For each of the four requests, SELC requested waiver of any fees on the basis that disclosure of the information would be in the public interest.

### Defendants

14. Defendant United States Department of Agriculture is the federal agency responsible for the activities of Defendant United States Forest Service and Defendant Office of the General Counsel.

15. Defendant Forest Service is an agency within the United States Department of Agriculture and is the entity to which Plaintiff's four FOIA requests were submitted.

16. Defendant Office of the General Counsel is an agency within the United States Department of Agriculture and currently has custody of at least some of the records sought in Plaintiff's requests.

17. Defendants United States Department of Agriculture, Forest Service, and Office of the General Counsel are each "agencies" for purposes of FOIA. 5 U.S.C. § 551(1).

## FACTS

### Plaintiff's July 20, 2017 Request for Communications Concerning the Atlantic Coast Pipeline

18. The Atlantic Coast Pipeline ("the pipeline") is an interstate natural gas pipeline that, as proposed, would cross the George Washington and Monongahela National Forests, federally owned lands managed by the Forest Service. The pipeline would require a Special Use Permit from the Forest Service, which in turn would require amendments to the management plans for the George Washington and Monongahela National Forests.

19. Until December of 2016, the Forest Service indicated that it could not evaluate proposed management plan amendments without information it requested related to mitigation of landslide and erosion hazards. After December 2016, however, the Forest Service reversed its position and expedited the Special Use Permit and plan amendments, abandoning its demand for that information.

20. On July 20, 2017, in order to better understand this abrupt reversal, Plaintiff submitted a request to the Washington Office of the Forest Service (the "Washington Office") for "communications consisting of direction and/or instructions … regarding the grant or denial of forest plan amendments and/or special use permits for the Atlantic Coast Pipeline" and

4

"communications from developers of the Atlantic Coast Pipeline to the Forest Service …." A copy of that FOIA request is attached as Exhibit 1.

21. Plaintiff's request specifically sought records exclusively in the custody of the Forest Service's Washington Office. For example, Plaintiff asked for communications in the custody of the Washington Office that were received from the Department of Agriculture, the White House, any office within the Executive Office of the President, or from the Atlantic Coast Pipeline. See Exhibit 1.

22. Plaintiff submitted identical requests to the George Washington National Forest, the Monongahela National Forest, and the Regional Offices responsible for each of these National Forests (Regions 8 and 9, respectively).

23. Several records provided by the Monongahela National Forest indicate that there are responsive records in the custody of the Washington Office. For example, the Associate Deputy Chief of the Forest Service and the Undersecretary of Natural Resources and Environment for the Department of Agriculture were in communication about the project with each other, with Regional and Forest staff, and with the Atlantic Coast Pipeline.

24. Nevertheless, the Forest Service did not respond to the request by providing communications in the custody of the Washington Office. Instead, the Forest Service "combined" the request with others that were being processed at the Regional level and "administratively closed" Plaintiff's July 20, 2017 request.

25. The Forest Service's administrative handling of the request had the effect of a denial of the request for records in the custody of the Washington Office.

26. At that time, Plaintiff was not informed that the request had been closed, did not receive records from the Washington Office, and did not receive a determination that there were

5

no such records or that records existed but were being withheld.

27. On July 3, 2018, Plaintiff wrote to the Washington Office seeking to expedite the production of records responsive to the July 20, 2017 request.

28. After discovering that the request had been administratively closed, the Washington Office reopened the request with a new case number on July 11, 2018.

29. On October 15, 2018, Plaintiff again wrote to the Washington Office requesting an estimated completion date for the request.

30. The Forest Service still has not provided records from the Washington Office in response to Plaintiff's July 20, 2017 request for records and has not responded to Plaintiff's October 15, 2018 request for a completion date.

31. More than 20 working days have passed since SELC submitted this request.

### Plaintiff's June 22, 2018 Request Regarding Mountain Valley Pipeline Noncompliance

32. The ability of the Atlantic Coast Pipeline to comply with requirements protecting soil and water as it crosses the mountainous terrain of the National Forests is an issue of significant public concern.

33. The Mountain Valley Pipeline is another proposed interstate natural gas pipeline that would cross federally owned lands managed by the Forest Service—namely, the Monongahela and Jefferson National Forests. The Mountain Valley Pipeline is already under construction in similar terrain as the Atlantic Coast Pipeline.

34. On June 22, 2018, Plaintiff submitted a request to the Jefferson National Forest and Region 8, seeking records concerning the Mountain Valley Pipeline's noncompliance with applicable erosion and sediment control measures and any actual or potential violations of water quality standards. A copy of this FOIA request is attached as Exhibit 2.

35. On June 25, 2018, Region 8 acknowledged receipt of the request and indicated that the search for responsive records would commence that same day. Region 8 also stated that completion of the request would require an additional 10 days beyond the usual 20-workday limit. Assuming this extension was properly invoked, the time for Region 8's response pursuant to FOIA would have expired on August 7, 2018.

36. On October 5, 2018, Plaintiff wrote to Region 8 to inquire as to the request's status.

37. That same day, Region 8 replied that the records were processed and forwarded to Defendant Office of the General Counsel in Washington, D.C., for "mandatory review" on July 25, 2018, and that a final response would be forthcoming when that review was completed.

38. No publicly available law, regulation, or policy requires a mandatory review of requested records by the Office of the General Counsel.

39. To date, neither the Office of the General Counsel nor the Forest Service has provided any documents responsive to SELC's request or a completion date for the request.

40. More than 30 working days have passed since SELC submitted this request.

### Plaintiff's January 3, 2018 Request Regarding Revisions to the Forest Service's NEPA Procedures

41. The Forest Service is currently considering changes to its Environmental Analysis and Decision-Making ("EADM") process, including revisions to agency regulations implementing the National Environmental Policy Act ("NEPA").

42. Changes to the EADM process have been under consideration since at least September 26, 2017, the date of a national Forest Service workshop in Phoenix, Arizona, on the subject.

43. On December 11, 2017, the Secretary of Agriculture met with the Secretary of Interior and representatives of the timber industry and other proponents of increased timber harvest on federal lands, about plans to increase levels of timber harvest on federally managed lands.

44. Shortly thereafter, on January 3, 2018, the Forest Service announced its intention to revise its NEPA regulations in the Federal Register, with the goal of "complet[ing] more projects" by, for example, modifying, reducing, or eliminating process and analysis requirements. 83 Fed. Reg. 302 (Jan. 3, 2018).

45. That same day, on January 3, 2018, Plaintiff submitted a request to the Washington Office for records relating to the Forest Service's efforts to revise its NEPA regulations, including records relating to the Forest Service workshop in Phoenix and the meeting between the Secretary of Agriculture and timber industry representatives. A copy of that FOIA request is attached as Exhibit 3.

46. On July 5, 2018, having received no response other than an automated email acknowledgement from the Washington Office, Plaintiff sent a follow-up letter seeking to expedite the request. The Washington Office stated on July 11, 2018, that it was "working with the program office to quickly get the documents."

47. On October 15, 2018, still having received no responsive records from the Forest Service, Plaintiff again inquired about the status of the request and asked for an estimated completion date. That inquiry was not acknowledged.

48. To date, the Forest Service has not provided any documents responsive to SELC's request or a completion date for the request.

49. More than 20 working days have passed since SELC submitted this request.

**Plaintiff's July 5, 2018 Request for Records Related to the Processing
of Freedom of Information Act Requests**

50. On July 5, 2018, having received no records from the Washington Office for any of its outstanding requests, Plaintiff submitted another request to the Washington Office seeking records of any changes to FOIA policy or practice, instructions or direction to deviate from existing FOIA policy or practice, review of FOIA requests for purposes other than responding to those requests, sorting of FOIA requests by subject matter or the requester's identity, and the processing of Plaintiff's own outstanding FOIA requests. A copy of that request is attached as Exhibit 4.

51. Existing records responsive to this request would include, for example, changes to policies or practices requiring "mandatory review" by the Office of the General Counsel for particular requests or types of requests.

52. On July 17, 2018, Plaintiff participated in a telephone call with the Washington Office to clarify the request. Those clarifications were memorialized by emails exchanged on August 2, 2018, and August 8, 2018.

53. On October 15, 2018, having received neither responsive records nor any determination from the Washington Office, Plaintiff inquired by email as to the request's status and asked for an estimated completion date. The Forest Service has not responded to that inquiry.

54. To date, the Forest Service has not provided any documents responsive to SELC's request or a completion date for the request.

55. More than 20 working days have passed since SELC submitted this request.

## **LEGAL BACKGROUND**

56. The Freedom of Information Act, 5 U.S.C. § 552, reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quoting legislative history) (internal quotation marks omitted). FOIA "shines a light on government operations 'to check against corruption and to hold the governors accountable to the governed.'" *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 818–19 (4th Cir. 2013) (quoting *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978)).

57. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A).

58. To make a "determination" under FOIA, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

59. Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester. *Id.* § 552(a)(6)(B).

60. If the agency seeks to extend a deadline further than 10 working days, it must work with the requester to modify the request so it can be fulfilled within the 10 working day extension or arrange an alternative time period. 5 U.S.C. § 552(a)(6)(B)(ii); 7 C.F.R. § 1.16.

61. If an agency of the Department of Agriculture fails to meet a deadline under FOIA, it must notify the requester and provide an expected completion date. 7 C.F.R. § 1.17.

## CLAIMS FOR RELIEF

### Count 1

62. Plaintiffs incorporate by reference paragraphs 1 through 61 of this Complaint as if fully stated herein.

63. Defendants have violated FOIA by failing to provide SELC with all non-exempt responsive records for the four FOIA requests attached hereto as Exhibits 1 through 4.

64. By failing to provide SELC with all non-exempt responsive records to its four FOIA requests, Defendants have denied SELC's right to this information as provided by law under FOIA.

65. Unless enjoined by this Court, Defendants will continue to violate SELC's legal right to be provided with copies of the records that it has requested in these four FOIA requests.

66. SELC is directly and adversely affected and aggrieved by Defendants' failure to provide responsive records to its four FOIA requests as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(i) Declare that Defendants have violated and are continuing to violate FOIA by failing to timely respond to each and all of SELC's four requests;

(ii)     Declare that Defendants have violated and are continuing to violate FOIA by improperly withholding documents that are responsive to each and all of SELC's four requests;

(iii)     Direct Defendants to provide all nonexempt, responsive documents to SELC without further delay;

(iv)     Retain jurisdiction over this matter to rule on any assertions by Defendants that any responsive documents cannot be found or are exempt from disclosure;

(v)     Order Defendants to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. §§ 552(a)(8) and 552(b), in the event that Defendants determine that any responsive records are exempt from disclosure;

(vi)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(vii)     Grant any other relief the Court deems just and proper.

Respectfully submitted, this 1st day of November, 2018.

/s/ Morgan Butler
Morgan Butler – VA Bar No. 70409

/s/ Kimberley Hunter
Kimberley Hunter – NC Bar No. 41333 (Motion for Admission *pro hac vice* forthcoming)

/s/ Sam Evans
Sam Evans – NC Bar No. 44992 (Motion for Admission *pro hac vice* forthcoming)

SOUTHERN ENVIRONMENTAL LAW CENTER
201 West Main Street, Suite 14

Charlottesville, VA 22902-5065
Telephone: (434) 977-4090
Facsimile: (434) 977-1483
mbutler@selcva.org

601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516-2356
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
khunter@selcnc.org

*Attorneys for Plaintiff Southern Environmental Law Center*