# Exhibit 3

# SOUTHERN ENVIRONMENTAL LAW CENTER

Telephone 828-258-2023      48 PATTON AVENUE, SUITE 304      Facsimile 828-258-2024
ASHEVILLE, NC 28801-3321

January 3, 2018

*Via Electronic Mail and U.S. Mail*

USDA Forest Service, FOIA Service Center
1400 Independence Avenue, SW
Mail Stop: 1143
Washington, DC 20250-1143
wo_foia@fs.fed.us

Re:   Freedom of Information Act Request Regarding Revisions to Forest Service's NEPA procedures

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and 7 C.F.R. Part 1, Subpart A, the Southern Environmental Law Center ("SELC") hereby requests access to the following documents or other public records:

- All materials provided to and/or presented by Forest Service staff in connection with the agency's National Workshop on Environmental Analysis and Decision-making, held between September 26, 2017, and September 28, 2017, in Phoenix, Arizona.

- All documents or records relied on by the agency in development of the agency's National Workshop on Environmental Analysis and Decision-making, held between September 26, 2017, and September 28, 2017, in Phoenix, Arizona.

- All documents or records relied on by the agency in developing the agency's National Environmental Policy Act ("NEPA") Procedures Revision Advance Notice of Proposed Rulemaking, published in the Federal Register on January 3, 2018, 83 Fed. Reg. 302-303, Docket No. RIN 0596-AD31, Document Number 2017-28298. This request is limited to documents, studies, memoranda, analyses, or other similar records evaluating, documenting, or otherwise relating to the efficiency or timeliness of decisions under existing NEPA procedures.

- Notes from or materials received, distributed, or exchanged in connection with any December 11, 2017 meeting(s) attended by forest products industry representatives, representatives of sportsmen's organizations, Secretary of Interior Ryan Zinke, Secretary

Charlottesville • Chapel Hill • Atlanta • Asheville • Birmingham • Charleston • Nashville • Richmond • Washington, DC
*100% recycled paper*

of Agriculture Sonny Perdue, other staff from the Departments of Interior and Agriculture, or any subset of those attendees. This request is limited to records related to NEPA or levels of forest management.

Please include records up to the date that the agency commences its search for responsive records. If you take the position that any of the above-described public records are not open to public inspection under FOIA, please explain the basis for your position and identify any statute, rule of law, or other authority upon which you rely. In accordance with FOIA, 5 U.S.C. § 552(b), please produce all segregable portions of responsive documents and justify any redactions by reference to specific FOIA exemptions.

We believe materials responsive to this request will be available electronically. To reduce the administrative burden on the Forest Service and minimize costs of printing and copying, we request that those materials be produced electronically if possible. Electronic documents may be produced on CD-ROMs, external USB "thumb drives" or "flash drives," or by other means. We are happy to arrange transmission of documents over web-based document sharing services such as Sharefile. For any documents that cannot be provided electronically, we request hard copies of the documents.

If fees will be incurred for search time, or if fees will be incurred for document reproduction, SELC requests that the fees be waived as authorized by 5 U.S.C. § 552(a)(4)(A)(iii), because public disclosure of the requested information "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

The Forest Service will grant a FOIA fee waiver request if it determines that the disclosure is in the public interest.[1] In deciding whether a fee waiver is in the public interest, the Forest Service considers the following criteria:

(i) The subject of the request, i.e., whether the subject of the requested records concerns "the operations or activities of the government";

(ii) The informative value of the information to be disclosed, i.e., whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

---

[1] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a).

(iii) The contribution to an understanding of the subject by the general public likely to result from disclosure, i.e., whether disclosure of the requested information will contribute to "public understanding";

(iv) The significance of the contribution to public understanding, i.e., whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities;

(v) The existence and magnitude of a commercial interest, i.e., whether the requester has a commercial interest that would be furthered by the requested disclosure; and,

(vi) The primary interest in disclosure, i.e., whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."[2]

All of these factors weigh in favor of the grant of a fee waiver here. First, the requested records "concern 'the operations or activities of the government.'"[3] The Forest Service is a federal government agency, and the requested records concern recent meetings involving Forest Service officials and the Forest Service's initiation of a regulatory process to revise its NEPA procedures. Such meetings and regulatory efforts are government operations or activities and, because they concern the agency's NEPA implementation—"a key component of its overall environmental analysis and decision-making process"[4]—they relate to a large category of the Forest Service's work and public engagement. The requested information thus satisfies the first fee waiver factor.[5]

Second, the requested records have informative value, as they will illuminate the Forest Service's operations and activities on matters of public significance.[6] The requested information will illuminate, among other things, the content of the Forest Service's National Workshop on Environmental Analysis and Decision-making, the bases for its initiation of major regulatory reform, and the information it has received from or shared with other stakeholders on these

---

[2] *Id.* § 6(a)(1).

[3] *Id.* § 6 (a)(1)(i).

[4] 83 Fed. Reg. 302.

[5] *See, e.g.*, *Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1178 (10th Cir. 2005) (holding that release of records regarding the scope of BLM's permit program concerns the operations or activities of BLM).

[6] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(ii).

3

topics. Such records will help the public better understand the Forest Service's positions and concerns about its NEPA implementation, which will allow for more informed public comment on the agency's proposal to reform its NEPA procedures.

Third, disclosure of the requested information is likely to result in greater public understanding on these matters.[7] SELC is an environmental organization that routinely shares information concerning the activities and operations of government agencies, including information concerning the Forest Service, via its website, press releases, public comments, published reports, in-person presentations, interviews with the media, and direct communications with other interested organizations.[8] SELC intends to review and analyze the information provided in response to this request and to share this information and its analysis with its supporters, other interested organizations, members of the press, and the general public at appropriate times through these various mediums. Given the nature of the information sought, the high level of public interest in national forest projects, and SELC's plan for sharing and publicizing the results of its findings with members of the public, it is likely that disclosure of the requested information will contribute to public understanding.[9]

Fourth, the contribution to public understanding is likely to be significant. The Forest Service's NEPA procedures provide the main process for the public to engage in national forest management, and agency efforts to change those procedures—particularly attempts to reduce public participation—could have major effects nationwide. The Forest Service's advanced notice of proposed rulemaking on revising its NEPA procedures requests comment on, among other things, "[p]rocesses and analysis requirements that can be . . . eliminated," larger scale approaches to land management, and actions that can be excluded from NEPA's requirements.[10] All of these options could amount to severe reductions in public participation in national forest management, a matter of major significance to stakeholders throughout the country. Documents or records in the Forest Service's possession that support or relate to these efforts are thus likely to contribute significantly to the public's understanding.

---

[7] *Id.* § 6(a)(iii).

[8] *See, e.g.*, Southern Environmental Law Center, *Atlantic Coast Pipeline Decision Puts National Forests at Risk, https://www.southernenvironment.org/news-and-press/press-releases/atlantic-coast-pipeline-decision-puts-national-forests-at-risk*.

[9] *Cf. Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1180 (10th Cir. 2005) (online newsletter, email lists and website help show that requested information is likely to contribute to public understanding); *D.C. Tech. Assistance Org. v. U.S. Dep't of Housing & Urban Dev.*, 85 F. Supp. 2d 46, 49 (D.D.C. 2000) (noting that "technology has made it possible for almost anyone to fulfill th[e] requirement" that requested documents will likely contribute to an understanding of government activities or operations).

[10] 83 Fed. Reg. 302.

4

As to the final two factors, SELC has no commercial interest in the disclosure.[11]  SELC is a 501(c)(3) nonprofit organization with a public interest mission and, by definition, no commercial interests.  SELC seeks the disclosure solely in the public interest of obtaining information about the Forest Service's activities and operations related to revising its environmental analysis and decision-making processes, including its NEPA procedures.  Although SELC is a legal organization, SELC does not profit, or otherwise have a commercial interest, in document review or litigation.  SELC does not charge its clients for attorney time or enter into contingency agreements, nor does it sell or distribute government information for financial gain.  Further, it would not be proper for the agency to claim that, just because SELC is a legal organization, there is some abstract possibility of future litigation which creates a commercial interest, since any such possibility is not itself a commercial interest.[12]

Congress intended federal agencies to be guided by the principle that "fee waivers play a substantial role in the effective use of the FOIA, and they should be *liberally granted* to all requesters other than those who are commercial users."[13]  "[T]he presumption should be that requesters in these categories are entitled to fee waivers, especially if the requesters will publish the information or otherwise make it available to the general public."[14]  Given this presumption, as well as the strong likelihood that the release of the requested information will significantly contribute to the public's understanding of the activities and operations of the government, the Forest Service should grant SELC any necessary fee waivers.

In the event that the Forest Service declines to grant the fee waiver request, we understand that the first two search hours and 100 pages of documents are free.[15]  If the waiver is denied and the request will involve more than two search hours or more than 100 pages of documents, please contact me before the request is processed to discuss this matter.

If you have any questions, please do not hesitate to contact me.  I am happy to work with you to clarify the scope of our request and to facilitate the production of the requested public records.  Thank you in advance for your assistance.

---

[11] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(v)-(vi).

[12] *See McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1287 n.4 (9th Cir. 1987).

[13] 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen. Leahy) (emphasis added); *Judicial Watch v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003); *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987).

[14] *Ettlinger v. FBI*, 596 F. Supp. 867, 873 (D. Mass. 1984) (quoting legislative history).

[15] 7 C.F.R. Part 1, Subpart A, App. A, § 3(a).

Sincerely,

Sam Evans
Staff Attorney
sevans@selcnc.org
828-258-2023

6