Exhibit 4

# Southern Environmental Law Center

Telephone 828-258-2023          48 PATTON AVENUE, SUITE 304          Facsimile 828-258-2024
ASHEVILLE, NC 28801-3321
_____

July 5, 2018

*Via Certified U.S. Mail and Electronic Mail*

FOIA Officer
USDA Forest Service, FOIA Service Center
1400 Independence Ave. SW
Mail Stop: 1143
Washington, DC  20250-1143
WO_FOIA@fs.fed.us

Re:   Freedom of Information Act Request for Records Related to the Processing of Freedom
      of Information Act Requests

Dear FOIA Officer,

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and 7 C.F.R. Part
1, Subpart A, the Southern Environmental Law Center ("SELC") hereby requests access to the
following documents or other public records as described below.

A.  Parameters applicable to all request categories.

1.  This request seeks records created, sent, forwarded, re-sent, or received by any
    officers, employees, agents, or consultants of the Washington Office of the United
    States Forest Service, whether or not the records originated from the Forest Service,
    another agency, or any other source.

2.  This request is limited to the time period from January 20, 2017 until the date of
    search for responsive records.

3.  For purposes of this request, "records" includes any and all tangible recordations of
    information in any medium, hardcopy or electronic, analog or digital. This request
    includes, without limitation, memoranda, instructions, guidance, communications,
    emails, attachments, or notes or logs from telephone calls or meetings. This request
    also extends to any metadata associated with otherwise responsive records.
    Additionally, this request includes all versions, draft or final, of all otherwise
    responsive records.

4. For purposes of this request, it is not necessary to provide copies of publicly available statutes, regulations, executive orders, or guidance issued by any agency outside of the Department of Agriculture.

B. Specific request categories. Please promptly provide the following:

1. Records related to any instruction or decision to delay or defer, or any policy or practice of delaying or deferring, the acknowledgement to, response to, or processing of any FOIA request(s);

2. Records related to any instruction or decision deviating from existing policy practice, or procedure in the processing of or response to FOIA requests, whether generally applicable to all requests or specific categories of requests or requesters;

3. Records related to any change, by instruction, guidance, memoranda, or otherwise, to policy, practice, or procedure in the processing of or response to FOIA requests, whether generally applicable to all requests or specific categories of requests or requesters;

4. Any and all FOIA requests or related records (e.g., summaries, descriptions, or lists of FOIA requests) that were forwarded to or reviewed by any person(s) whose primary duties do not include the processing of FOIA requests, for any purpose other than obtaining the requested records from a custodian thereof, along with any associated responses, instructions, or annotations from the person(s) to whom the requests or related records were forwarded or by whom the requests or related records were reviewed;

5. Records related to the "track," priority, standards, or scrutiny with which requests are reviewed or processed based on any characteristic of the request other than number of responsive pages or the need to consult with another agency, including but not limited to the identity or type of requester, subject matter of the request, the relationship of the request to a matter of public controversy or likelihood of litigation;

6. Records created in response to or otherwise associated with the Forest Service's receipt of the enclosed FOIA requests from the Southern Environmental Law Center, including any communications, memoranda, guidance, directives, or notes, and also including any annotated versions of the enclosed requests that are not identical to the requests themselves;

2

7. Records of time spent by Forest Service staff processing, communicating about, assessing the merits of, making recommendations about, drafting responses to, searching for records responsive to, reviewing records responsive to, or estimating fees associated with, or otherwise working on the enclosed FOIA requests from the Southern Environmental Law Center;

8. All FOIA requests properly received by the Forest Service, submitted by any person(s), to which the Forest Service has not provided a response other than an automated acknowledgment of receipt; and

9. All FOIA requests properly received by the Forest Service, submitted by any person(s), to which the Forest Service has not provided an initial determination and for which the 20-day time limit for an initial determination has elapsed.

C. Format of production. Please produce the above-specified records as follows:

1. For hardcopy, written, or printed records, please produce the records as photocopies or scanned ".pdf" files.

2. For analog recordings, please produce the records in the same format as they were created.

3. For email, please produce the records in ".pst" format.

4. For other electronic files, please produce records in their native format.

5. For all records, please ensure that metadata is not lost through the conversion of file formats.

6. Electronic documents may be produced on CD-ROMs, hard drives, external USB "thumb drives" or "flash drives," or by other means.  We are happy to arrange transmission of documents over cloud-based document sharing services.

D. Exemptions and redactions.

If you take the position that any of the above-described public records are not open to public inspection under FOIA, please explain the basis for your position and identify any statute, rule of law, or other authority upon which you rely.  In accordance with FOIA, 5 U.S.C. § 552(b), please produce all segregable portions of responsive documents and justify any redactions by reference to specific FOIA exemptions, including grounds for your reasonable

belief that disclosure would harm an interest protected by the referenced exemption. See 5 U.S.C. § 552(a)(8)(A)(i)(I).

E.  Fee Waiver.

If fees will be incurred for search time, or if fees will be incurred for document reproduction, SELC requests that the fees be waived as provided by 5 U.S.C. § 552(a)(4)(A)(iii), because public disclosure of the requested information "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

The Forest Service will grant a FOIA fee waiver request if it determines that the disclosure is in the public interest.[1]  In deciding whether a fee waiver is in the public interest, the Forest Service considers the following criteria:

(i) The subject of the request, i.e., whether the subject of the requested records concerns "the operations or activities of the government";

(ii) The informative value of the information to be disclosed, i.e., whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

(iii) The contribution to an understanding of the subject by the general public likely to result from disclosure, i.e., whether disclosure of the requested information will contribute to "public understanding";

(iv) The significance of the contribution to public understanding, i.e., whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities;

(v) The existence and magnitude of a commercial interest, i.e., whether the requester has a commercial interest that would be furthered by the requested disclosure; and,

(vi) The primary interest in disclosure, i.e., whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."[2]

---

[1] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a).

[2] *Id.* § 6(a)(1).

All of these factors weigh in favor of the grant of a fee waiver here.  First, the requested records "concern 'the operations or activities of the government.'"[3]  The Forest Service is a federal government agency, and the requested records concern the Forest Service's processing (or failure to process) requests from the public as required by FOIA.  These government actions (or failures to act) are government operations or activities, mandated by statute.

Second, the requested records have informative value, as they will illuminate the Forest Service's operations and activities on matters of public significance.[4]  The requested information will illuminate, among other things, the decisions, policies, procedures, or practices of the Forest Service in fulfilling (or failing to fulfill) its statutory duty to promptly make available public records. The requested records will help the public better understand why the Forest Service has complied with (or failed to comply with) its statutory duties with respect to different requests for public information.

Third, disclosure of the requested information is likely to result in greater public understanding on these matters.[5]  SELC is an environmental organization that routinely shares information concerning the activities and operations of government agencies, including information concerning the Forest Service, via its website, press releases, public comments, published reports, in-person presentations, interviews with the media, and direct communications with other interested organizations.[6]  SELC intends to review and analyze the information provided in response to this request and to share this information and its analysis with its supporters, other interested organizations, members of the press, and the general public at appropriate times through these various mediums. Given the nature of the information sought, the high level of public interest in transparency and accountability in government activities, and SELC's plan for sharing and publicizing the results of its findings with members of the public, it is likely that disclosure of the requested information will contribute to public understanding.[7]

Fourth, the contribution to public understanding is likely to be significant.  The Forest Service's practices with respect to FOIA significantly affect the ability of the public to

---

[3] *Id.* § 6 (a)(1)(i).

[4] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(ii).

[5] *Id.* § 6(a)(iii).

[6] *See, e.g.*, Southern Environmental Law Center, *Atlantic Coast Pipeline Decision Puts National Forests at Risk,* https://www.southernenvironment.org/news-and-press/press-releases/atlantic-coast-pipeline-decision-puts-national-forests-at-risk.

[7] *Cf. Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1180 (10th Cir. 2005) (online newsletter, email lists and website help show that requested information is likely to contribute to public understanding); *D.C. Tech. Assistance Org. v. U.S. Dep't of Housing & Urban Dev.*, 85 F. Supp. 2d 46, 49 (D.D.C. 2000) (noting that "technology has made it possible for almost anyone to fulfill th[e] requirement" that requested documents will likely contribute to an understanding of government activities or operations).

understand the agency's decisions and to engage on those decisions in NEPA commenting processes and other permit reviews. Documents or records in the Forest Service's possession relating to the timely availability of public information are thus likely to contribute significantly to the public's understanding.

As to the final two factors, SELC has no commercial interest in the disclosure.[8] SELC is a 501(c)(3) nonprofit organization with a public interest mission and, by definition, no commercial interests. SELC seeks the disclosure solely in the public interest of obtaining information about the Forest Service's activities and operations related to the handling of FOIA requests. Although SELC is a legal organization, SELC does not profit, or otherwise have a commercial interest, in document review or litigation. SELC does not charge its clients for attorney time or enter into contingency agreements, nor does it sell or distribute government information for financial gain. Further, it would not be proper for the agency to claim that, just because SELC is a legal organization, there is some abstract possibility of future litigation which creates a commercial interest, since any such possibility is not itself a commercial interest.[9]

Congress intended federal agencies to be guided by the principle that "fee waivers play a substantial role in the effective use of the FOIA, and they should be *liberally granted* to all requesters other than those who are commercial users."[10] "[T]he presumption should be that requesters in these categories are entitled to fee waivers, especially if the requesters will publish the information or otherwise make it available to the general public."[11] Given this presumption, as well as the strong likelihood that the release of the requested information will significantly contribute to the public's understanding of the activities and operations of the government, the Forest Service should grant SELC a waiver of any fees that would otherwise be assessed.

In the event that the Forest Service declines to grant the fee waiver request, we understand that the first two search hours and 100 pages of documents are free.[12] If the waiver is denied and the request will involve more than two search hours or more than 100 pages of documents, please contact me before the request is processed to discuss this matter.

If you have any questions, please do not hesitate to contact me. I am happy to work with you to clarify the scope of our request and to facilitate the production of the requested public records. Thank you in advance for your assistance.

---

[8] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(v)-(vi).

[9] *See McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1287 n.4 (9th Cir. 1987).

[10] 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen. Leahy) (emphasis added); *Judicial Watch v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003); *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987).

[11] *Ettlinger v. FBI*, 596 F. Supp. 867, 873 (D. Mass. 1984) (quoting legislative history).

[12] 7 C.F.R. Part 1, Subpart A, App. A, § 3(a).

Sincerely,

Sam Evans
National Forests and Parks Program Leader
Southern Environmental Law Center
48 Patton Ave., Suite 304
Asheville, NC  28801
sevans@selcnc.org
(828) 258-2023 (office)

Enclosures
1. July 20, 2017 FOIA request from SELC to USFS Washington Office for communications concerning the Atlantic Coast Pipeline
2. January 3, 2018 FOIA request from SELC to USFS Washington Office regarding revisions to Forest Service's NEPA procedures

7



Southern
Environmental
Law Center

201 West Main Street, Suite 14
Charlottesville, VA  22902-5065
434-977-4090
Fax 434-977-1483
SouthernEnvironment.org

July 20, 2017

**FREEDOM OF INFORMATION ACT RECORDS REQUEST**

*Via email to*:

FOIA Officer
USDA Forest Service, FOIA Service Center
1400 Independence Ave., SW
Mail Stop: 1143
Washington, DC 20250-1143
wo_foia@fs.fed.us

**Re:  Freedom of Information Act request for communications concerning the Atlantic Coast Pipeline**

Dear FOIA Officer:

This is a request for records in the custody of the United States Forest Service ("Forest Service") submitted by the Southern Environmental Law Center ("SELC"). SELC is a non-profit, public-interest organization which advocates for and represents other organizations that also advocate for, among other things, adequate implementation of and compliance with the National Environmental Policy Act and other federal environmental statutes by federal agencies.

**A.  Request for Records**

As authorized by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, SELC requests the following records in the possession or control of the Forest Service:

• All records of communications consisting of direction and/or instructions from the Forest Service's Washington Office, the Forest Service's Regional Offices, offices within the Department of Agriculture, or from the White House or any office within the Executive Office of the President, regarding the grant or denial of forest plan amendments and/or special use permits for the Atlantic Coast Pipeline.

• All records of communications from developers of the Atlantic Coast Pipeline to the Forest Service, the Department of Agriculture, or the White House or any office within the Executive Office of the President concerning the timing of a

Forest Service decision for forest plan amendments and/or special use permits for the Atlantic Coast Pipeline.

This request is limited to records created, communicated, or received between the dates of **October 1, 2016**, and **the present**.

As used above, the term "records" includes, without limitation, all communications, correspondence, records of phone conversations, transcripts of testimony, minutes or notes of meetings, electronic mail, PowerPoint or other similar presentations, memoranda, reports, maps, photographs, drawings, data, tables, spreadsheets, formulas, notes, observations, impressions, contracts, and policies or directives, whether in an electronic or print medium, original or copy, or draft or final form.

If records (or any portions thereof) are determined to be exempt for any reason, please provide any segregable material and indicate how much material has been withheld and on what grounds. 5 U.S.C. § 552(b); 7 C.F.R. § 1.7. To the extent that the requested records are maintained in a common electronic format, we request that they be provided in that format.

## B.    Fee Waiver Request

We also request a fee waiver in connection with this request for records. Fee waivers are to be granted whenever disclosure would serve the public interest (as opposed to a commercial interest) and would contribute significantly to public understanding of government operations or activities.[1] Here, the request would serve no commercial interest. SELC, a non-profit public interest organization, lacks any commercial interest in the records, and none of its clients have any such interest. SELC is dedicated to using the power of the law to protect clean air, clean water, and special places throughout the six Southeastern states in which we work: Alabama, Tennessee, Georgia, South Carolina, North Carolina, and Virginia. SELC does not charge its clients for legal advice or representation; instead, SELC provides such advice and representation free of charge within the scope of its mission.

We seek these records in order to inform the public about how the Forest Service's decisions with regard to the Atlantic Coast Pipeline have taken shape. Disclosure of records responsive to this request will aid the public's understanding of how the Forest Service arrived at its prospective decision to grant or deny special use permits/forest plan amendments for the Atlantic Coast Pipeline. SELC has extensive experience in reviewing, understanding, synthesizing, and communicating information relating to the

---

[1] 5 U.S.C. § 552(a)(4)(A)(iii).

National Environmental Policy Act, National Forest Management Act, and other relevant statutes and regulations in our Southeastern states, furthering public understanding and dialogue.[2]

Further, this enhanced understanding will accrue to a significant segment of the public. In addition to making information available on our website to anyone searching for it,[3] SELC also actively distributes information to the public through newsletters and other publications.[4] SELC also disseminates information about issues related to NEPA and national forest management by participating in meetings and conferences. Further, SELC coordinates with a diverse collection of partner organizations actively working to participate in the environmental review of projects undertaken by federal agencies including the U.S. Forest Service. Each of these partners has its own base of supporters to which it will disseminate the information disclosed pursuant to this request. Supporters of SELC and its partners are directly affected by decisions made by federal agencies through the NEPA and NFMA processes. As a result, information about any responsive records will be shared with a substantial portion of the public, and, specifically, a portion of the public affected by and involved with participation in NEPA and NFMA processes.

In reviewing this information and distilling it for the public, SELC's legal expertise will enable it to explain to the public any permitting decisions relating to construction of the Atlantic Coast Pipeline on National Forest lands. Since Dominion Energy announced the Atlantic Coast Pipeline project three years ago, the project has generated widespread public interest, including public interest in impacts to public lands. It is routinely the subject of press stories in Virginia, and thousands of commenters have participated in opportunities for public input with the Forest Service, the Federal Energy Regulatory Commission, and state agencies.

If this request for a fee waiver is denied, please notify us promptly and provide an estimate of the fees associated with the request. If you require any further information or

---

[2] See http://www.southernenvironment.org/news-and-press/in-the-news for current examples of media coverage informed by information disseminated by SELC.

[3] For examples relevant to federal agencies and the Atlantic Coast Pipeline, please visit SELC's website at https://www.southernenvironment.org/cases-and-projects/proposed-natural-gas-pipeline-threatens-scenic-western-virginia; https://www.southernenvironment.org/news-and-press/press-releases/selc-requests-ferc-hearing-as-dominion-duke-energy-look-to-build-acp-on-the; https://www.southernenvironment.org/news-and-press/press-releases/groups-applaud-u.s.-forest-service-decision-to-reject-atlantic-coast-pipeli.

[4] To see some recent examples, please visit http://www.southernenvironment.org/news-and-press/publications.

documentation, please do not hesitate to contact us. Thank you for your prompt attention to this request.

Sincerely,

Gregory Buppert, Senior Attorney
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA 22902
(434) 977-4090
gbuppert@selcva.org

# SOUTHERN ENVIRONMENTAL LAW CENTER

Telephone 828-258-2023                          48 PATTON AVENUE, SUITE 304                          Facsimile 828-258-2024
                                                          ASHEVILLE, NC 28801-3321
                                                          _____

January 3, 2018

***Via Electronic Mail and U.S. Mail***

USDA Forest Service, FOIA Service Center
1400 Independence Avenue, SW
Mail Stop:  1143
Washington, DC 20250-1143
wo_foia@fs.fed.us

Re:     Freedom of Information Act Request Regarding Revisions to Forest Service's NEPA
        procedures

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and 7 C.F.R. Part 1, Subpart A, the Southern Environmental Law Center ("SELC") hereby requests access to the following documents or other public records:

- All materials provided to and/or presented by Forest Service staff in connection with the agency's National Workshop on Environmental Analysis and Decision-making, held between September 26, 2017, and September 28, 2017, in Phoenix, Arizona.

- All documents or records relied on by the agency in development of the agency's National Workshop on Environmental Analysis and Decision-making, held between September 26, 2017, and September 28, 2017, in Phoenix, Arizona.

- All documents or records relied on by the agency in developing the agency's National Environmental Policy Act ("NEPA") Procedures Revision Advance Notice of Proposed Rulemaking, published in the Federal Register on January 3, 2018, 83 Fed. Reg. 302-303, Docket No. RIN 0596-AD31, Document Number 2017-28298.  This request is limited to documents, studies, memoranda, analyses, or other similar records evaluating, documenting, or otherwise relating to the efficiency or timeliness of decisions under existing NEPA procedures.

- Notes from or materials received, distributed, or exchanged in connection with any December 11, 2017 meeting(s) attended by forest products industry representatives, representatives of sportsmen's organizations, Secretary of Interior Ryan Zinke, Secretary

Charlottesville  •  Chapel Hill  •  Atlanta  •  Asheville  •  Birmingham  •  Charleston  •  Nashville  •  Richmond  •  Washington, DC

*100% recycled paper*

of Agriculture Sonny Perdue, other staff from the Departments of Interior and Agriculture, or any subset of those attendees.  This request is limited to records related to NEPA or levels of forest management.

Please include records up to the date that the agency commences its search for responsive records.  If you take the position that any of the above-described public records are not open to public inspection under FOIA, please explain the basis for your position and identify any statute, rule of law, or other authority upon which you rely.  In accordance with FOIA, 5 U.S.C. § 552(b), please produce all segregable portions of responsive documents and justify any redactions by reference to specific FOIA exemptions.

We believe materials responsive to this request will be available electronically. To reduce the administrative burden on the Forest Service and minimize costs of printing and copying, we request that those materials be produced electronically if possible. Electronic documents may be produced on CD-ROMs, external USB "thumb drives" or "flash drives," or by other means.  We are happy to arrange transmission of documents over web-based document sharing services such as Sharefile.  For any documents that cannot be provided electronically, we request hard copies of the documents.

If fees will be incurred for search time, or if fees will be incurred for document reproduction, SELC requests that the fees be waived as authorized by 5 U.S.C. § 552(a)(4)(A)(iii), because public disclosure of the requested information "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

The Forest Service will grant a FOIA fee waiver request if it determines that the disclosure is in the public interest.[1]  In deciding whether a fee waiver is in the public interest, the Forest Service considers the following criteria:

(i) The subject of the request, i.e., whether the subject of the requested records concerns "the operations or activities of the government";

(ii) The informative value of the information to be disclosed, i.e., whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

---

[1] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a).

(iii) The contribution to an understanding of the subject by the general public likely to result from disclosure, i.e., whether disclosure of the requested information will contribute to "public understanding";

(iv) The significance of the contribution to public understanding, i.e., whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities;

(v) The existence and magnitude of a commercial interest, i.e., whether the requester has a commercial interest that would be furthered by the requested disclosure; and,

(vi) The primary interest in disclosure, i.e., whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."[2]

All of these factors weigh in favor of the grant of a fee waiver here.  First, the requested records "concern 'the operations or activities of the government.'"[3]  The Forest Service is a federal government agency, and the requested records concern recent meetings involving Forest Service officials and the Forest Service's initiation of a regulatory process to revise its NEPA procedures.  Such meetings and regulatory efforts are government operations or activities and, because they concern the agency's NEPA implementation—"a key component of its overall environmental analysis and decision-making process"[4]—they relate to a large category of the Forest Service's work and public engagement.  The requested information thus satisfies the first fee waiver factor.[5]

Second, the requested records have informative value, as they will illuminate the Forest Service's operations and activities on matters of public significance.[6]  The requested information will illuminate, among other things, the content of the Forest Service's National Workshop on Environmental Analysis and Decision-making, the bases for its initiation of major regulatory reform, and the information it has received from or shared with other stakeholders on these

---

[2] *Id.* § 6(a)(1).

[3] *Id.* § 6 (a)(1)(i).

[4] 83 Fed. Reg. 302.

[5] *See, e.g.*, *Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1178 (10th Cir. 2005) (holding that release of records regarding the scope of BLM's permit program concerns the operations or activities of BLM).

[6] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(ii).

topics.  Such records will help the public better understand the Forest Service's positions and concerns about its NEPA implementation, which will allow for more informed public comment on the agency's proposal to reform its NEPA procedures.

Third, disclosure of the requested information is likely to result in greater public understanding on these matters.[7]  SELC is an environmental organization that routinely shares information concerning the activities and operations of government agencies, including information concerning the Forest Service, via its website, press releases, public comments, published reports, in-person presentations, interviews with the media, and direct communications with other interested organizations.[8]  SELC intends to review and analyze the information provided in response to this request and to share this information and its analysis with its supporters, other interested organizations, members of the press, and the general public at appropriate times through these various mediums. Given the nature of the information sought, the high level of public interest in national forest projects, and SELC's plan for sharing and publicizing the results of its findings with members of the public, it is likely that disclosure of the requested information will contribute to public understanding.[9]

Fourth, the contribution to public understanding is likely to be significant.  The Forest Service's NEPA procedures provide the main process for the public to engage in national forest management, and agency efforts to change those procedures—particularly attempts to reduce public participation—could have major effects nationwide.  The Forest Service's advanced notice of proposed rulemaking on revising its NEPA procedures requests comment on, among other things, "[p]rocesses and analysis requirements that can be . . . eliminated," larger scale approaches to land management, and actions that can be excluded from NEPA's requirements.[10] All of these options could amount to severe reductions in public participation in national forest management, a matter of major significance to stakeholders throughout the country.  Documents or records in the Forest Service's possession that support or relate to these efforts are thus likely to contribute significantly to the public's understanding.

---

[7] *Id.* § 6(a)(iii).

[8] *See, e.g.*, Southern Environmental Law Center, *Atlantic Coast Pipeline Decision Puts National Forests at Risk, https://www.southernenvironment.org/news-and-press/press-releases/atlantic-coast-pipeline-decision-puts-national-forests-at-risk*.

[9] *Cf. Forest Guardians v. Dep't of Interior*, 416 F.3d 1173, 1180 (10th Cir. 2005) (online newsletter, email lists and website help show that requested information is likely to contribute to public understanding); *D.C. Tech. Assistance Org. v. U.S. Dep't of Housing & Urban Dev.*, 85 F. Supp. 2d 46, 49 (D.D.C. 2000) (noting that "technology has made it possible for almost anyone to fulfill th[e] requirement" that requested documents will likely contribute to an understanding of government activities or operations).

[10] 83 Fed. Reg. 302.

4

As to the final two factors, SELC has no commercial interest in the disclosure.[11]  SELC is a 501(c)(3) nonprofit organization with a public interest mission and, by definition, no commercial interests.  SELC seeks the disclosure solely in the public interest of obtaining information about the Forest Service's activities and operations related to revising its environmental analysis and decision-making processes, including its NEPA procedures.  Although SELC is a legal organization, SELC does not profit, or otherwise have a commercial interest, in document review or litigation.  SELC does not charge its clients for attorney time or enter into contingency agreements, nor does it sell or distribute government information for financial gain.  Further, it would not be proper for the agency to claim that, just because SELC is a legal organization, there is some abstract possibility of future litigation which creates a commercial interest, since any such possibility is not itself a commercial interest.[12]

Congress intended federal agencies to be guided by the principle that "fee waivers play a substantial role in the effective use of the FOIA, and they should be *liberally granted* to all requesters other than those who are commercial users."[13]  "[T]he presumption should be that requesters in these categories are entitled to fee waivers, especially if the requesters will publish the information or otherwise make it available to the general public."[14]  Given this presumption, as well as the strong likelihood that the release of the requested information will significantly contribute to the public's understanding of the activities and operations of the government, the Forest Service should grant SELC any necessary fee waivers.

In the event that the Forest Service declines to grant the fee waiver request, we understand that the first two search hours and 100 pages of documents are free.[15]  If the waiver is denied and the request will involve more than two search hours or more than 100 pages of documents, please contact me before the request is processed to discuss this matter.

If you have any questions, please do not hesitate to contact me.  I am happy to work with you to clarify the scope of our request and to facilitate the production of the requested public records.  Thank you in advance for your assistance.

---

[11] 7 C.F.R. Part 1, Subpart A, App. A, § 6(a)(v)-(vi).

[12] *See McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1287 n.4 (9th Cir. 1987).

[13] 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen. Leahy) (emphasis added); *Judicial Watch v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003); *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987).

[14] *Ettlinger v. FBI*, 596 F. Supp. 867, 873 (D. Mass. 1984) (quoting legislative history).

[15] 7 C.F.R. Part 1, Subpart A, App. A, § 3(a).

Sincerely,

Sam Evans
Staff Attorney
sevans@selcnc.org
828-258-2023

6