UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SOURTHERN ENVIRONMENTAL LAW CENTER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF AGRICULTURE, )<br>UNITED STATES FOREST SERVICE, and )<br>OFFICE OF THE GENERAL COUNSEL )<br>of the United States Department of Agriculture, )<br>Defendants. )<br>) | Civil Action No. 3:18-cv-00106 |

**AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants United States Department of Agriculture, ("USDA"), United States Forest Service, ("Forest Service"), and Office of the General Counsel of the USDA, ("OGC"), (jointly "Defendants"), hereby answer Southern Environmental Law Center's "Second Amended Complaint for Declaratory and Injunctive Relief," (Sec. Am. Compl., ECF No. 13), as follows:

1. Paragraph 1 contains Plaintiff's characterization of this lawsuit and conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

2. Defendants admit that Plaintiff submitted six requests for records to the Forest Service between July 20, 2017 and November 29, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 2, but to the extent a response is required, Defendants deny the same.

3. The first and third sentences of Paragraph 3 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the

same. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 3 as it is unclear which FOIA request Plaintiff is referring to, but to the extent a response is required, Defendants deny the same.

4. Paragraph 4 contains Plaintiff's conclusions of law to which no response is required; to the extent that this Paragraph may be deemed to contain allegations of fact, Defendants admit that on October 5, 2018, and December 13, 2018, the Forest Service informed Plaintiff that some of the requested records were submitted to the Office of the General Counsel "for a mandatory review." All other allegations are denied.

5. Denied.

6. Paragraph 6 contains Plaintiff's conclusions of law and certain relief sought by Plaintiff in this action, to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants further deny that Plaintiff is entitled to the relief requested in this paragraph or to any relief whatsoever.

7-9. These paragraphs contain Plaintiff's conclusions of law to which no response is required.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, but to the extent a response is required, Defendants deny the same.

11. Paragraph 11 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, but to the extent a response is required, Defendants deny the same.

13. Defendants admit that Plaintiff submits Freedom of Information Act ("FOIA") requests to the Forest Service. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, but to the extent a response is required, Defendants deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, but to the extent a response is required, Defendants deny the same.

15. Admit.

16. Paragraph 16 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that USDA is a federal agency

17. Paragraph 17 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants admit the allegations in Paragraph 17.

18. Paragraph 18 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that the OGC is an office within the USDA and denies the remaining allegations in Paragraph 18.

19. Paragraph 19 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

20. Paragraph 20 contain Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants admit the same.

21. In response to the first sentence in Paragraph 21, the term "indicated" is vague and ambiguous and therefore a response cannot be provided, but to the extent a response is required,

Defendants deny the same. Defendant denies the allegations in the second sentence in Paragraph 21.

22. Defendants admit that Plaintiff submitted to the Forest Service the FOIA request attached to Plaintiff's Complaint as Exhibit 1, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 1 for a full and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, but to the extent a response is required, Defendants deny the same.

23. Paragraph 23 contains Plaintiff's characterization of Exhibit 1, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 1 for a full and accurate statement of its contents.

24. Admit.

25. The first sentence in Paragraph 25 is vague and ambiguous and Defendants cannot respond because the phrase "Several records provided by the Monongahela National Forest" does not specify the records to which Plaintiff refers. Further, the term "indicate" in the first sentence in Paragraph 25 is also vague and ambiguous and therefore a response cannot be provided. Regarding the second sentence in Paragraph 25, Defendants cannot tell the specific records Plaintiff is referring to and therefore a response cannot be provided.

26. Admit.

27. Paragraph 27 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

28–33. Admit.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 34, but to the extent a response is required, Defendants deny the same.

35. Defendants deny the allegations in the first sentence in Paragraph 35. In response to the second sentence in Paragraph 35, the term "similar terrain" is vague and ambiguous and therefore a response cannot be provided, but to the extent a response is required, Defendants deny the same.

36. Defendants admit that Plaintiff submitted to the Forest Service the FOIA request attached to Plaintiff's Complaint as Exhibit 2, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 2 for a full and accurate statement of its contents.

37–38. Admit.

39. Defendants admit that on October 5, 2018, the Forest Service sent an email to Plaintiff stating "All responsive records located for your request were processed and forwarded to the USDA, Office of the General Counsel in Washington, D.C. for a mandatory review on July 25, 2018. Once their review is complete, I will be notified and then be able to provide a formal FOIA response." In so far as Plaintiff avers that Defendants have a policy or practice of OGC performing a "mandatory review" of responsive records that precludes Defendants from complying with the requirements of the FOIA, Defendants deny the same.

40. Paragraph 40 contains Plaintiff's conclusions of law to which no response is required.

41. Admit.

42. Paragraph 42 contains Plaintiff's characterization of records provided with the December 13, 2018 letter. To the extent a response is required, Defendants admit the same.

43. Denied.

44. Denied. On February 8, 2019, Defendants informed SELC only that the letter received on December 13, 2018, is not the Forest Service's final response.

45. Admit.

46. Defendants admit that the Forest Service is currently considering revisions to agency regulations implementing the National Environmental Policy Act. Defendants further state that the "Environmental Analysis and Decision-Making" ("EADM") effort is the title of an internal initiative within the Forest Service. The goals of the EADM effort is reducing the time and cost of project analysis and decision making, increasing the scale of analysis, accomplishing more work on the ground, and creatively designing new ways to care for the land. Defendants deny insofar as Plaintiff's inaccurately characterize EADM as itself a "process"; instead it is an initiative to review agency practices.

47. Defendants admit that the initiative on EADM, which includes considerations of revisions to agency regulations implementing the National Environmental Policy Act, has been underway since September 26, 2017. Defendants deny the Plaintiff's inaccurate characterization of EADM as itself a "process" because it is an initiative to review agency practices.

48. Defendant admits that on December 11, 2017, the Secretary of Agriculture and the Secretary of Interior hosted an Inter-Agency Forestry & Wildfire Listening Session. The remaining allegations in this paragraph consist of Plaintiff's characterization of that listening session, to which no response is required, but to the extent a response is required, Defendants deny the same.

49. Paragraph 49 purports to provide Plaintiff's characterization of 83 Fed. Reg. 302 (Jan. 3, 2018). This regulation speaks for itself and is the best evidence of its contents. Defendants

respectfully refers the Court to FOIA, federal regulations, and case law for a full and accurate statement of its contents.

50. Defendants admit that Plaintiff submitted to the Forest Service the FOIA request attached to Plaintiff's Complaint as Exhibit 3, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 3 for a full and accurate statement of its contents.

51. In response to sentence 1 of Paragraph 51, to the extent that Plaintiff avers it received an automated email acknowledgement from the Washington Office, Defendants deny.

52. Defendants admit that Plaintiff inquired about the status of the FOIA request on October 15, 2018. Defendants deny that the Forest Service did not respond to the inquiry.

53–54. Admit.

55. Defendants admit that Plaintiff submitted to the Forest Service the FOIA request attached to Plaintiff's Complaint as Exhibit 4, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 4 for a full and accurate statement of its contents.

56. Paragraph 56 contains conclusions of law or characterization of Plaintiff's allegations to which no response is required. To the extent a response is required, Defendants state they are in the process of providing Plaintiff a response to the FOIA request contained in Exhibit 4.

57. Admit.

58. Defendants admit that Plaintiff inquired about the status of the request on October 15, 2018. Defendants deny that the Forest Service did not respond to the inquiry.

59–60. Admit.

61. Defendants admit that Plaintiff submitted to the Forest Service the FOIA request attached to Plaintiff's Complaint as Exhibit 5 which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 5 for a full and accurate statement of its contents.

62. Defendants admit that the Forest Service has proposed the authorization of forest management activities in the George Washington and Jefferson National Forests in Virginia, using the categorical exclusion codified at 36 C.F.R. § 220.6, and that the proposed activities include the commercial logging of mature timber.  In so far as Plaintiff avers that there will be unmitigated soil disturbances caused by logging equipment, Defendants deny.

63. Paragraph 63 contains Plaintiff's characterization of records it believes could be responsive to the FOIA request contained at Exhibit 4, to which no response is required, but to the extent a response is required, Defendants deny the same.

64. Paragraph 64 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants admit the same.

65. Denied.

66. Admit.

67. Defendants admit that Plaintiff submitted to the Forest Service the FOIA request attached to Plaintiff's Complaint as Exhibit 5 which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that Exhibit 5 for a full and accurate statement of its contents.

68. Admit.

69. Paragraph 69 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants admit the same.

70–75. Admit.

76–80. These Paragraphs include Plaintiff's characterization of FOIA, federal regulations pertaining to FOIA, and case law discussing FOIA which each speak for itself and is the best evidence of its contents. Defendants respectfully refers the Court to FOIA, federal regulations, and case law for a full and accurate statement of its contents.

81. Paragraph 80 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

82–83. These Paragraphs include Plaintiff's characterization of FOIA, federal regulations pertaining to FOIA, and case law discussing FOIA which each speak for itself and is the best evidence of its contents. Defendants respectfully refers the Court to FOIA, federal regulations, and case law for a full and accurate statement of its contents.

84. Defendants incorporate by reference paragraphs 1–83 set forth above as if fully set forth again.

85. Paragraph 85 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

86. Paragraph 86 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

87. Paragraph 87 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 87 is appropriate and that Plaintiff is entitled to any relief whatsoever.

88. Paragraph 88 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

### Count 2 – June 22, 2018 Request

89. Defendants incorporate by reference paragraphs 1 through 83 set forth above as if fully set forth again.

90. Paragraph 90 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

91. Paragraph 91 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

92. Paragraph 92 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

93. Paragraph 93 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 93 is appropriate and that Plaintiff is entitled to any relief whatsoever.

94. Paragraph 94 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

95. Defendants incorporate by reference paragraphs 1–83 set forth above as if fully set forth again.

96. Paragraph 96 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

97. Paragraph 97 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

98. Paragraph 98 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that

the relief addressed in Paragraph 98 is appropriate and that Plaintiff is entitled to any relief whatsoever.

99. Paragraph 99 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

100. Defendants incorporate by reference paragraphs 1– 83 set forth above as if fully set forth again.

101. Paragraph 101 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

102. Paragraph 102 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

103. Paragraph 103 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 103 is appropriate and that Plaintiff is entitled to any relief whatsoever.

104. Paragraph 104 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

105. Defendants incorporate by reference paragraphs 1–83 set forth above as if fully set forth again.

106. Paragraph 106 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

107. Paragraph 107 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

108. Paragraph 108 contains Plaintiff's conclusions of law to which no response is

required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 108 is appropriate and that Plaintiff is entitled to any relief whatsoever.

109. Paragraph 109 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

110. Defendants incorporate by reference paragraphs 1–83 set forth above as if fully set forth again.

111. Paragraph 111 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

112. Paragraph 112 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

113. Paragraph 113 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 113 is appropriate and that Plaintiff is entitled to any relief whatsoever.

114. Paragraph 114 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

115. Defendants incorporate by reference paragraphs 1–83 set forth above as if fully set forth again.

116. Paragraph 116 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

117. Paragraph 117 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

118. Paragraph 118 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

119. Paragraph 119 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 119 is appropriate and that Plaintiff is entitled to any relief whatsoever.

120. Defendants incorporate by reference paragraphs 1–83 set forth above as if fully set forth again.

121. Paragraph 121 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

122. Paragraph 122 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

123. Paragraph 123 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

124. Paragraph 124 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same.

125. Paragraph 125 contains Plaintiff's conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the same. Defendants deny that the relief addressed in Paragraph 125 is appropriate and that Plaintiff is entitled to any relief whatsoever.

126. The remaining paragraphs of the Complaint contain Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

127. Defendants hereby deny the allegations in the Complaint not expressly admitted.

\* \* \*

## AFFIRMATIVE DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted. *See* 5 U.S.C. § 552(b).

\* \* \*

Wherefore, Defendants pray that this Court dismiss the Complaint with prejudice, at Plaintiff's cost, and that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

Date: April 10, 2019

/s/ Sara Bugbee Winn
Sara Bugbee Winn
Assistant United States Attorney
Virginia State Bar No. 35924
P. O. Box 1709
Roanoke, VA  24008-1709
Phone:  (540) 857-2250
E-mail:  sara.winn@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on April 10, 2019, I caused a true copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will provide copies to all counsel of record.

                                      /s/ Sara Bugbee Winn
                                      Sara Bugbee Winn
                                      Assistant United States Attorney